Jeffery J. Chapman
Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*jchapman@mcguirewoods.com*
*ajaroff@mcguirewoods.com*

*Attorneys for Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BANCO DEL AUSTRO, S.A.,

               Plaintiff,

        v.

WELLS FARGO BANK, N.A.,

              Defendant.

------------------------------------------------------------- X

Case No. 16-cv-628

Removed from Supreme Court
of the State of New York, New
York County
Index No. 650075/2016

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE COURT:**

     PLEASE TAKE NOTICE that pursuant to 12 U.S.C. § 632 and 28 USC §§ 1332, 1348,

1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank"), by and through its

undersigned attorneys, submits this Notice of Removal from the Supreme Court of the State of

New York, New York County to the United States District Court for the Southern District of

New York on the grounds that this Court has jurisdiction over this civil action pursuant to 12

U.S.C. § 632, 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and all other applicable bases for removal.

Wells Fargo Bank denies the allegations and damages claimed in the complaint in this action and

files this notice without waiving any defenses, exceptions, or obligations that may exist in its

favor in either state or federal court.

## BACKGROUND AND TIMELINESS OF REMOVAL

1.     On January 7, 2016, Plaintiff Banco Del Austro, S.A. ("Plaintiff") filed a summons and complaint in the Supreme Court of New York, County of New York, bearing Index No. 650075/2016, entitled *Banco del Austro, S.A. v. Wells Fargo Bank, N.A.*  Plaintiff brings causes of action for breach of contract, a violation of the New York Uniform Commercial Code, and negligence.

2.     Wells Fargo Bank was served with a copy of the summons and complaint on January 8, 2016.  A true and correct copy of the summons and complaint along with "all process, pleadings and orders served upon" Wells Fargo Bank to date while this action was pending in the Supreme Court of the State of New York, County of New York, are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

3.     Wells Fargo Bank has no information that any other persons or entities have or will be named as "DOE" defendants in this action.

4.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after Wells Fargo Bank was served with the summons and complaint on January 8, 2016.

## VENUE

5.     The Supreme Court of the State of New York, County of New York is located within the United States District Court for the Southern District of New York.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## REMOVAL BASED ON DIVERSITY JURSIDICTION

6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Wells Fargo Bank have complete diversity of citizenship and the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7.      Plaintiff is a "foreign bank incorporated and organized under the laws of Ecuador." *See* Compl. ¶ 2.  For purposes of jurisdiction pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of Ecuador. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt.*, 692 F.3d 42, 48-49, 51 (2d. Cir. 2012) (diversity jurisdiction existed where plaintiff was a foreign bank incorporated under the laws of Germany and defendant was a citizen of the United States).

8.      Wells Fargo Bank is a national bank with its main office located in South Dakota, pursuant to its articles of association.  Compl. ¶ 3.  For purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1348, Wells Fargo Bank is a citizen of South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"); *Sovereign Bank v. 347 E. 173 LLC*, No. 11-cv-1061, 2011 WL 2693525, at *2 (S.D.N.Y. June 29, 2011) ("In *Wachovia*, the United States Supreme Court held that a national bank is located, for § 1348 purposes, only in 'the State in which its main office, as set forth in its articles of association, is located.'").

9.      Therefore, complete diversity of citizenship exists between Plaintiff and Wells Fargo Bank.

10.     Plaintiff seeks damages in excess of $12,000,000, exclusive of interest and costs, exceeding the amount in controversy requirement of 28 U.S.C. § 1332(a). *See* Compl. ¶¶ 23, 45, 66, 76.

## REMOVAL UNDER THE EDGE ACT

11.     In the alternative, this Court has original jurisdiction pursuant to the Edge Act, 12

U.S.C. § 632, which provides in relevant part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. Therefore, to be removable under the Edge Act, "an action must (1) be a civil suit, (2) have a federally chartered corporation as a party, and (3) arise 'out of transactions involving international or foreign banking, including territorial banking, or out of international or foreign financial operations.'" *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) (quoting *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, 712 F.3d 775, 780-81 (2d Cir. 2013)). The action must "arise out of the offshore banking or financial transaction of that federally chartered corporation that is a party to the suit." *Id.*

12.     The requirements of jurisdiction under the Edge Act are satisfied here. First, because it seeks civil damages under New York statutory and common law causes of action, Compl. ¶¶ 38-76, this is a "suit[] of a civil nature at common law or in equity." 12 U.S.C. § 632; *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 214 (S.D.N.Y. 2005) ("[F]ederal courts in this Circuit have consistently interpreted the Edge Act's jurisdictional provision broadly, routinely applying Section 632, even in cases based on state law causes of action . . . .") (quotation omitted); *see also Fed. Reserve Bank v. Thomas*, 220 F.3d 1235, 1242 (11th Cir. 2000) (holding that the Edge Act "was intended not to constrict the type of civil actions . . . subject to federal jurisdiction" and that there is "no evidence that Congress intended to treat

statutory state claims any differently than claims based on a state's case law or equitable jurisprudence").

13.     Second, Defendant Wells Fargo Bank, the entity allegedly responsible for Plaintiff's damages, is a national bank chartered by the Offices of the Comptroller of Currency. *See Dexia SA/NV v. Bear, Stearns & Co., Inc.*, 945 F. Supp. 2d 426, 428 (S.D.N.Y. 2013) ("[T]he Edge Act . . . provides subject matter jurisdiction over civil actions in which a nationally chartered bank is a party . . . ."); *see also* Compl. ¶ 3 (acknowledging that Wells Fargo Bank is a "national banking association organized and existing under the laws of the United States").

14.     Third, Plaintiff's action arises out of international or foreign banking. Plaintiff, which has no branches in the United States, alleges that it established a correspondent banking relationship with Wells Fargo Bank "to conduct international banking operations, including funding overseas payments and wiring transfers requested by its clients in Ecuador." Compl. ¶¶ 7-8. Plaintiff alleges that Wells Fargo Bank breached the contract governing this relationship, the duty of care that it allegedly owed to Plaintiff, and violated the New York Uniform Commercial Code by failing to detect or halt twelve unauthorized wire transfers after receiving instructions for such transfers sent from Plaintiff's computer system via the Society for Worldwide Interbank Financial Telecommunication ("SWIFT") network. *Id.* ¶¶ 18, 22-31, 44, 62, 72. Eleven of the twelve wire transfers, which originated with Plaintiff in Ecuador, were allegedly sent to beneficiaries located outside of the United States. *Id.* ¶¶ 18, 23. These allegations clearly involve international or foreign banking conferring federal jurisdiction under the Edge Act. *See Lemgruber*, 385 F. Supp. 2d at 214-16 (noting that "[a] suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking" and holding that international wire transfers met this standard)

(quotation omitted) (emphasis in original); *see also Ritchie Capital Mgmt., LLC v. JPMorgan Chase & Co.*, No. 14-cv-2557, 2014 WL 5810629, at *4 (S.D.N.Y. Nov. 10, 2014) (holding that international wire transfers constituted foreign banking for the proposes of Edge Act jurisdiction).

15.     Because the Edge Act's jurisdictional requirements are satisfied, Wells Fargo Bank is entitled to remove this action pursuant to 12 U.S.C. § 632.

## NOTICE TO STATE COURT AND PLAINTIFF

16.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, New York County and served upon all parties of record promptly after filing of this Notice of Removal. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as Exhibit B.

Dated: New York, New York
      January 28, 2016             McGUIREWOODS LLP

By: _____
Jeffery J. Chapman
Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*jchapman@mcguirewoods.com*
*ajaroff@mcguirewoods.com*

*Attorneys for Defendant Wells Fargo Bank, N.A.*

Jeffery J. Chapman
Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*jchapman@mcguirewoods.com*
*ajaroff@mcguirewoods.com*

*Attorneys for Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

| | |
|---|---|
| BANCO DEL AUSTRO, S.A., | Case No. 16-cv-628 |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

--------------------------------------------------------------- X

I HEREBY CERTIFY that on January 28, 2016, a copy of the foregoing Notice of Removal and accompanying exhibits was served via first class mail, postage prepaid, on Plaintiff to the following:

John G. Marfoe, Esq.
WNF Law, P.L.
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131

Marjorie Petraro