UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

BANCO DEL AUSTRO, S.A.

                Plaintiff,

       v.

WELLS FARGO BANK, N.A.

                Defendant.

----------------------------------------------------------------- x

Case No. 1:16-cv-00628 (LAK)

## DEFENDANT WELLS FARGO BANK, N.A.'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

      Defendant Wells Fargo Bank, N.A. ("Wells Fargo"),[1] by and through undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiff Banco Del Austro's ("BDA" or "Plaintiff") Complaint.[2]

      1.    Wells Fargo admits that BDA filed a lawsuit against Wells Fargo concerning alleged breaches of contractual, statutory and common law duties, part of which was dismissed by the Court's October 18, 2016 Memorandum Opinion, ECF No. 27 (the "Memorandum Opinion"). Wells Fargo further admits that BDA had a correspondent banking relationship with Wells Fargo. Wells Fargo avers that the filed lawsuit has no factual or legal basis. Wells Fargo denies any remaining allegations in Paragraph 1 of the Complaint.

      2.    Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 2 of the Complaint, and accordingly, denies the allegations, except admits that BDA

---

[1]    Unless otherwise noted, capitalized terms are as defined in BDA's Complaint, attached as Exhibit A to Wells Fargo's Notice of Removal (ECF No. 1).

[2]    Wells Fargo denies any and all averments and conclusions in the headings and subheadings of the Complaint.

provided Wells Fargo with information demonstrating that it is a foreign bank incorporated and organized under the laws of Ecuador.

3. Wells Fargo admits that it is a national bank with its main office located in South Dakota, pursuant to its articles of association. Wells Fargo denies any remaining allegations in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. In addition, the allegations in Paragraph 5 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. In addition, the allegations in Paragraph 6 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 6 of the Complaint.

7. Wells Fargo lacks knowledge or information sufficient to respond to the allegation in Paragraph 7 of the Complaint, and accordingly, denies the allegation.

8. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 8 of the Complaint, and accordingly, denies the allegations.

9. Wells Fargo admits that BDA and Wells Fargo entered into a correspondent banking relationship and that BDA held a correspondent account with Wells Fargo. Wells Fargo denies any remaining allegations in Paragraph 9 of the Complaint.

10. The allegations set forth in Paragraph 10 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. Wells Fargo denies any remaining allegations in Paragraph 10 of the Complaint, except admits that its correspondent banking relationship with BDA was governed by the Agreement, as defined in the Complaint and attached as Exhibit A to the Complaint.

11. The allegations set forth in Paragraph 11 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. In addition, Paragraph 11 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 11 of the Complaint.

12. The allegations set forth in Paragraph 12 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. In addition, Paragraph 12 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. Wells Fargo denies any remaining allegations in Paragraph 12 of the Complaint.

13. The allegations set forth in Paragraph 13 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to

such document for a complete and accurate statement of its content. In addition, Paragraph 13 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. Wells Fargo denies any remaining allegations in Paragraph 13 of the Complaint.

14. Wells Fargo admits that it has what is described in the Complaint as the Global FCRM Program, the content and purpose of which speaks for itself. Wells Fargo denies the remaining allegations in Paragraph 14 and Footnote 1 of the Complaint. In addition, Paragraph 14 and Footnote 1 of the Complaint contain allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

15. Wells Fargo denies the allegations in Paragraph 15 of the Complaint. In addition, Paragraph 15 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

16. Wells Fargo denies the allegations in Paragraph 16 of the Complaint. In addition, Paragraph 16 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

17. Wells Fargo denies the allegations in Paragraph 17 of the Complaint. In addition, Paragraph 17 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

18. Paragraph 18 of the Complaint contains allegations that relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. Wells Fargo avers that, pursuant to the terms of the Agreement, BDA was required to protect the security procedure at issue from

unauthorized disclosure. To the extent that a further response may be required, Wells Fargo denies the remaining allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content.

20. Paragraph 20 of the Complaint contains allegations that relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations in Paragraph 20 of the Complaint.

21. Wells Fargo denies the allegations in Paragraph 21 of the Complaint. In addition, Paragraph 21 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

22. Wells Fargo denies the allegations in Paragraph 22 of the Complaint, except admits that it was contacted by BDA in connection with the wire transfers and/or payment orders at issue in this lawsuit.

23. Wells Fargo denies the allegations in Paragraph 23 of the Complaint, and respectfully refers the Court to Exhibit B to the Complaint for a complete and accurate statement of its contents.

24. Paragraph 24 of the Complaint contains allegations that relate to documents, which are in writing and speak for themselves, and therefore Wells Fargo respectfully refers the Court to such documents for a complete and accurate statement of their content. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 24 of the Complaint.

25. Wells Fargo denies the allegations in Paragraph 25 of the Complaint.

26. Wells Fargo denies the allegations in Paragraph 26 of the Complaint, including its subparagraphs.

27. Wells Fargo denies the allegations in Paragraph 27 of the Complaint.

28. Wells Fargo denies the allegations in Paragraph 28 of the Complaint.

29. Wells Fargo denies the allegations in Paragraph 29 of the Complaint.

30. Wells Fargo denies the allegations in Paragraph 30 of the Complaint.

31. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 31 of the Complaint and, accordingly, denies the allegations.

32. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 32 of the Complaint and, accordingly, denies the allegations, except admits that it was contacted by BDA in connection with the wire transfers and/or payment orders at issue well after they allegedly occurred.

33. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 33 of the Complaint and, accordingly, denies the allegations.

34. Wells Fargo admits that its efforts to recall the relevant wire transfers and/or payment orders resulted in funds being returned to BDA and that Wells Fargo and BDA no longer have a correspondent banking relationship. Wells Fargo denies the remaining allegations in Paragraph 34 and Footnote 2 of the Complaint.

35. The allegations in Paragraph 35 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 35 of the Complaint.

36. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 36 of the Complaint and, accordingly, denies the allegations.

37. Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 37 of the Complaint.

38. Wells Fargo repeats and realleges its answers to Paragraphs 1 to 37 of the Complaint as if fully set forth herein. To the extent that a further response may be required, Wells Fargo denies the allegations in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no

response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains allegations related to BDA's breach of contract claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 45 of the Complaint.

46. Wells Fargo repeats and realleges its answers to Paragraphs 1 to 37 of the Complaint as if fully set forth herein. To the extent that a further response may be required, Wells Fargo denies the remaining allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint purports to quote a section of the Uniform Commercial Code, and therefore Wells Fargo respectfully refers the Court to such section of the Uniform Commercial Code for a complete and accurate statement of its content. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 47 of the Complaint.

48. Wells Fargo lacks knowledge or information sufficient to respond to the allegations in Paragraph 48 of the Complaint and, accordingly, denies the allegations.

49. Paragraph 49 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 51 of the Complaint.

52. The allegations set forth in Paragraph 52 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint relate to a document, which is in writing and speaks for itself, and therefore Wells Fargo respectfully refers the Court to such document for a complete and accurate statement of its content. In addition, Paragraph 53 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains conclusions of law to which no response is required. In addition, Paragraph 54 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains conclusions of law to which no response is required. In addition, Paragraph 55 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion. To the extent that a further response may be required, Wells Fargo denies the allegations contained in Paragraph 55 of the Complaint.

56. Wells Fargo denies the allegations in Paragraph 56 of the Complaint. In addition, Paragraph 56 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

57. Wells Fargo denies the allegations in Paragraph 57 of the Complaint. In addition, Paragraph 57 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

58. Wells Fargo denies the allegations in Paragraph 58 and Footnote 3 of the Complaint. In addition, Paragraph 58 and Footnote 3 of the Complaint contain allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

59. Wells Fargo denies the allegations in Paragraph 59 of the Complaint. In addition, Paragraph 59 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

Case 1:16-cv-00628-LAK   Document 28   Filed 10/31/16   Page 11 of 18

60. Wells Fargo denies the allegations in Paragraph 60 of the Complaint. In addition, Paragraph 60 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

61. Paragraph 61 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 61 of the Complaint.

62. Wells Fargo denies the allegations in Paragraph 62 of the Complaint. In addition, Paragraph 62 of the Complaint contains allegations irrelevant to and/or inconsistent with BDA's remaining claim against Wells Fargo, pursuant to the Memorandum Opinion.

63. Paragraph 63 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 64 of the Complaint, except admits that under no circumstances is it required to refund any amounts at issue that have been returned to BDA by it or any other party.

65. Paragraph 65 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations contained in Paragraph 66 of the Complaint.

67. Wells Fargo repeats and realleges its answers to Paragraphs 1 to 10, 14 to 18, and 21 to 37 of the Complaint as if fully set forth herein. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains allegations related to BDA's negligence claim, which was dismissed by the Court's Memorandum Opinion, and therefore no response is required. To the extent that a response may be required, Wells Fargo denies the allegations in Paragraph 76 of the Complaint.[3]

## FIRST AFFIRMATIVE DEFENSE

BDA has failed to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

BDA's claims are barred, in whole or in part, because Wells Fargo did not directly or proximately contribute to or cause any damage, loss, or injury allegedly sustained by BDA.

---

[3] The "WHEREFORE" paragraph in the Complaint constitutes a prayer for relief to which no response is required. To the extent that a response may be required, Wells Fargo denies the allegations of the WHEREFORE clause and denies that BDA is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

BDA's claims are barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

BDA's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

BDA's claims are barred, in whole or in part, because Wells Fargo acted in accordance with all applicable laws and complied in all relevant respects with the law, including the New York Uniform Commercial Code.

### SIXTH AFFIRMATIVE DEFENSE

BDA's claims are barred because Wells Fargo's actions were required by law.

### SEVENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because it agreed that the relevant security procedure at issue was commercially reasonable.

### EIGHTH AFFIRMATIVE DEFENSE

BDA's claims are barred because Wells Fargo acted in good faith and in compliance with the relevant agreed-upon security procedure.

### NINTH AFFIRMATIVE DEFENSE

BDA's claims are barred because Wells Fargo complied with the instructions regarding the wire transfers and/or payment orders at issue in this lawsuit that it received from BDA.

### TENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because it expressly agreed in writing to be bound by the wire transfers and/or payment orders at issue in this lawsuit, which were issued in its name and accepted by Wells Fargo in compliance with the relevant agreed-upon security procedure.

## ELEVENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because the wire transfers and/or payment orders at issue in this lawsuit were caused by a person who obtained access to transmitting facilities of BDA or who obtained from a source controlled by BDA, and without the authority of Wells Fargo, information facilitating the breach of the relevant agreed-upon security procedure.

## TWELFTH AFFIRMATIVE DEFENSE

BDA's request for relief must fail, in whole or in part, because BDA has failed to mitigate any damages it has allegedly suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because it has suffered no damages and/or suffered no recoverable damages.

## FOUREENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because its alleged damages, if any, were caused by the acts of an entity or entities or an individual or individuals over which Wells Fargo exercised no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because its alleged damages, if any, were caused by its own negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

BDA's claims are barred because its alleged damages, if any, were caused by its own fraudulent conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

BDA is not entitled to any interest in connection with its alleged damages because it failed to exercise ordinary care to determine that the wire transfers and/or payment orders at issue in this lawsuit were not authorized, as alleged.

## EIGHTEENTH AFFIRMATIVE DEFENSE

BDA's claims are barred by documentary evidence.

## NINETEENTH AFFIRMATIVE DEFENSE

BDA's claims are not sufficient to establish a claim for attorneys' fees.

## TWENTIETH AFFIRMATIVE DEFENSE

Wells Fargo reserves the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation and will withdraw, amend, or modify this Answer accordingly.

## FIRST COUNTERCLAIM

(Breach of Contract)

77. Wells Fargo repeats and realleges each of the allegations and averments contained in Paragraphs 1 to 76 as if fully set forth herein.

78. Pursuant to Paragraph 3.1 of the Agreement, BDA agreed to disclose the security procedure for SWIFT payment orders only to its authorized representatives and to "establish controls to protect [the] Security Procedure[] from unauthorized disclosure."

79. Paragraph 7.13 of the Agreement states that "[BDA] agrees to indemnify, defend and hold Wells Fargo . . . harmless from and against any and all claims, losses, damages, liabilities and expenses of any nature, including legal expenses and attorneys fees" incurred as a result of, among other occurrences, (i) "any claim" arising as a result of Wells Fargo's reliance on a message

from BDA in an agreed-upon format such as SWIFT; (ii) a breach by BDA of "any provision" in the Agreement; or (iii) a claim "arising from a dispute involving" BDA's account.

80. Paragraph 7.13 further notes that BDA's indemnification obligations "survive closing of any Account, termination of any Service, or termination of these Terms & Conditions" and that they are only inapplicable to claims and losses arising as a direct result of Wells Fargo's own gross negligence or willful misconduct.

81. Upon information and belief, and based upon BDA's allegations in the Complaint, BDA breached the terms and conditions of the Agreement by failing to establish controls sufficient to protect the security procedure at issue from unauthorized access.

82. Paragraph 2.1 of the Agreement states that BDA "must utilize authenticated SWIFT message formats . . . to communicate with Wells Fargo, and Wells Fargo will be entitled to rely upon all such messages appearing to have been sent by [BDA]."

83. Wells Fargo was entitled to rely upon the wire transfers and/or payment orders at issue in this lawsuit, as they were transmitted to Wells Fargo by BDA in the relevant agreed-upon authenticated SWIFT message format pursuant to Paragraphs 2.1 and 3.1 of the Agreement, which is also alleged in the Complaint.

84. Based upon the allegations in the Complaint, Wells Fargo is entitled to indemnification from BDA for any damages, legal expenses, and attorneys' fees incurred in connection with this lawsuit, as it (i) resulted from a breach by BDA of the Agreement through its failure to establish controls to protect the security procedure at issue from unauthorized disclosure; (ii) arose from a claim attributable to Wells Fargo's reliance on an agreed-upon message format; and (iii) arose from a dispute involving BDA's correspondent banking relationship with Wells Fargo.

85. As a result, BDA is obligated to indemnify Wells Fargo for all losses, damages, and liabilities, including attorneys' fees, that Wells Fargo has incurred or will incur in the future in connection with this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Wells Fargo respectfully requests judgment as follows:

A. That BDA's remaining claims be dismissed with prejudice and all relief sought by BDA from Wells Fargo be denied;

B. That Wells Fargo be awarded its attorneys' fees and costs incurred in connection with this lawsuit, with judgment entered against BDA in accordance with the First Counterclaim; and

C. For such other relief that the Court deems just and proper.


Dated: New York, New York
October 31, 2016

By: _____
Jeffrey J. Chapman
Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
jchapman@mcguirewoods.com
ajaroff@mcguirewoods.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*