# EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

BANCO DEL AUSTRO, S.A.,                     :     Case No. 16-cv-00628 (LAK)
                                            :
                 Plaintiff,                 :
                                            :
         v.                                 :
                                            :
WELLS FARGO BANK, N.A.,                      :
                                            :
                 Defendant.                 :
                                            :
------------------------------------------------------------------- X

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF BANCO DEL AUSTRO, S.A.'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Southern District of New York, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), by its undersigned counsel, hereby responds and objects to Plaintiff Banco del Austro, S.A.'s ("Plaintiff" or "BDA") First Request for Production of Documents, served November 21, 2016 (the "Requests") in the above-captioned action (the "Action"), as follows:

## GENERAL RESPONSES AND OBJECTIONS

Defendant makes the following General Responses and Objections to the Requests, including the Definitions and Instructions, which are incorporated by reference into each of the Specific Responses and Objections below.

1.      Defendant objects to the Requests because they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the United States District Court for the Southern District of New York, and/or any other applicable laws or orders of the Court.

1

2.     Defendant objects to the Requests because they call for the production of documents prior to the entrance of a suitable protective order in the Action.  Defendant will produce documents or information only subject to a suitable protective order governing the disclosure of such documents and information.

3.     Defendant objects to the Requests to the extent they seek documents and/or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection.

4.     Defendant objects to the Requests because they seek documents and/or information relating to confidential or proprietary business information, or other highly sensitive and confidential information, including non-public consumer personal information that is subject to protection under state or federal law.

5.     Defendant objects to the Requests because they seek documents and information that Defendant is under an obligation to a third-party not to disclose, including the production of documents and/or information that would require a breach of contract or other duty to maintain confidentiality.

6.     Defendant objects to the production of any documents or information that would result in a violation of federal law, including but not limited to the production of suspicious activity reports ("SARs"); documents that would show whether a SAR was considered, prepared, or filed; reports and documents that are part of Defendant's process for complying with its federal reporting obligations; information contained in any SAR that may have been filed; or documents relating to the investigation or drafting of a possible SAR.  The fact that Defendant has made this objection should not be taken as an admission or statement that a SAR was or was not contemplated or filed.

7.     Defendant objects to the Requests because they call for the production of documents or information equally available to, or in the possession, custody, or control of Plaintiff.

8.     To the extent that Defendant responds that it will produce documents responsive to a particular Request, this shall not indicate that responsive documents necessarily exist within Defendant's possession, custody, or control.

9.     Defendant objects to each Request that seeks "all" or "any" information or documents when a smaller set of information or documents is sufficient to provide the substance of the information or documents sought.

10.    Defendant objects to the Requests to the extent that they seek documents from an unlimited number of potential custodians.

11.    Defendant objects to each Request that seeks documents or information calling for a legal conclusion.

12.    Defendant objects to the definition of any term set forth in the Requests that is broader than the definition provided in Local Civil Rule 26.3.

13.    Defendant objects to the definition of "Unauthorized Transfers" to the extent that it calls for a legal or factual conclusion.

14.    Defendant objects to the definition of "Correspondent Account" to the extent that it calls for a legal or factual conclusion.  Defendant will interpret "Correspondent Account" to mean Plaintiff's correspondent banking account held with Defendant.

15.    Defendant objects to the definition of the terms "Defendant," "WFB," "You," "Your," and "Yourself" as defined in the Requests.  Defendant will only respond on behalf of, and search for and produce responsive non-privileged documents in the possession, custody, or control of, Wells Fargo Bank, N.A.

3

16.     Defendant responds to the Requests based on Defendant's understanding of that Request.  If Plaintiff subsequently asserts any interpretation of any Request that differs from Defendant's understanding, Defendant reserves the right to modify, alter, amend, or supplement its response.

17.     Nothing contained in these responses and objections shall be construed as an admission by Defendant as to the existence or nonexistence of any information or documents, and no response shall be construed as an admission as to the admissibility of any information or the truth or accuracy of any statement or characterization contained in any Request.

18.     Defendant objects to the Requests because they do not "specify a reasonable time, place, and manner for the inspection and for performing the related acts" as required by FRCP 34(b)(1)(B).  Defendant will produce any responsive documents sought by the Requests to which it has not objected at a mutually convenient time and place in a format agreed-upon by the parties.

19.     Defendant objects to the Requests because they do not specify a format for the production of materials responsive to the Requests, including electronically stored information ("ESI").  To the extent Defendant produces materials in response to the Requests, it will do so in the following formats:

A.  All ESI productions (i.e. all productions of documents that were collected from electronic sources such as e-mail and other ESI) will be produced as follows:

1.  Single page TIFF images

2.  A Concordance .DAT file that contains the following fields, where available in the native application:

Custodian
BegBates
EndBates
BegAttach
EndAttach
Author

4

Date Created
Date Last Modified
Date Sent
Date Received
Email From
Email To
Email CC
Email BCC
Email Subject
File Name
Original File Extension
Md5Hash
Native File Path (only for natively produced documents)
Text File Path

3. Opticon Image Load File

4. Extracted text in a document level .txt file for non-redacted documents that were originally kept in electronic form and where extracted text is available and OCR in a document level .txt file for redacted documents or non-redacted documents that do not contain extracted text.

5. Native links will be provided for Excel documents with a TIFF placeholder.

B. All productions of documents originally maintained in hard copy will be in the following format:

1. Single page TIFF images

2. A Concordance .DAT file that contains the following fields:

BegBates
EndBates
BegAttach
EndAttach
Custodian
Page Count.

20.     Defendant objects to Instruction 19 of the Requests to the extent that it seeks more information than that required by the FRCP and applicable law and to the extent that it imposes an undue burden on Defendant.  Defendant will provide a privilege log providing the appropriate information required by the applicable rules and law.  However, if the volume of privileged

5

documents is large, Defendant reserves the right to take the position that a category or metadata log may be appropriate, in accordance with Local Civil Rule 26.2(c). Defendant also objects to logging any communications or other documents reflecting the legal advice of record counsel in this case after the date that Defendant received notice of this lawsuit.

21.     Defendant objects to Instruction No. 20 of the Requests on the grounds that it imposes an undue burden and seeks information not required to be disclosed by the FRCP to the extent it seeks to require Defendant to identify any document that was destroyed or deleted in the ordinary course of business and information about that deletion.

22.     Defendant objects to the Requests because they potentially seek documents that are subject to foreign data privacy and protection statutes governing or limiting their production and/or disclosure.

23.     Defendant objects to the Requests because they seek documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Court's October 18, 2016 Memorandum Opinion, ECF No. 27 (the "Memorandum Opinion").

24.     The responses and objections contained herein are based upon information presently known. Discovery has yet to commence and Defendant is in the process of conducting a reasonable search for documents and information relevant to the Action. Defendant reserves the right to supplement, modify, alter, and/or amend these responses and objections accordingly.

25.     Nothing stated or omitted herein is intended as a waiver of any of Defendant's rights, claims, objections, or defenses as they relate to the Requests or the Action, each of which is expressly preserved.

26.     Defendant is willing to meet and confer regarding these responses and objections to the Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request for Production No. 1:** The Handbook.

**Response to Request for Production No. 1:** Defendant objects to this Request because it seeks documents that are equally available to or in the possession, custody, or control of Plaintiff.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents responsive to this Request which are located after a reasonable search of potentially responsive materials. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol (as defined below) governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 2:** All communications between you and BDA.

**Response to Request for Production No. 2:** Defendant objects to this Request because it (i) is duplicative of Request Nos. 3-7, 10-13, 15-27, and 32-34; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; and (iv) is overly broad and unduly burdensome because it seeks "all communications" between Defendant and BDA over the many years that the parties shared a banking relationship, including routine correspondence regarding the parties' relationship and other communications that have no relevance to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce communications between Defendant and BDA regarding the relevant

7

agreed-upon security procedure for BDA's account and the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to an agreed-upon protocol for the search of documents, including ESI, between the parties (the "Search Protocol").  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 3:**  All communications between you and BDA concerning the Correspondent Account.

**Response to Request for Production No. 3:**  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2, 4-7, 10-13, 15-27, and 32-34; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; and (iv) is overly broad and unduly burdensome because it seeks "all communications" regarding BDA's account at Wells Fargo without any limitation on the subject of such communications over the many years that BDA held an account at Wells Fargo, and therefore includes routine communications regarding the account and other correspondence that has no relevance to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce communications between Defendant and BDA regarding the relevant agreed-upon security procedure for BDA's account and the wire transfers at issue in this Action

8

that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 4**:  All documents that you received from BDA concerning the Correspondent Account.

**Response to Request for Production No. 4**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-3, 6-7, 10-13, 15-27, and 33-34; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; and (iv) is overly broad and unduly burdensome because it seeks "all documents" that Defendant received from BDA regarding the account at issue over the many years that the parties shared a banking relationship, including routine correspondence and materials that have no relevance to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents received from BDA regarding the relevant agreed-upon security procedure for BDA's account and the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service

9

of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 5**:   All documents that you sent to BDA concerning the Correspondent Account.

**Response to Request for Production No. 5**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-3, 6-7, 10-13, 15, 18, and 33-34; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; and (iv) is overly broad and unduly burdensome because it seeks "all documents" that Defendant sent to BDA regarding the account at issue over the many years that the parties shared a banking relationship, including routine correspondence and materials that have no relevance to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents sent to BDA regarding the relevant agreed-upon security procedure for BDA's account and the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference

pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 6**: All contracts and/or agreements between you and BDA.

**Response to Request for Production No. 6**: Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-5, 7, 10, 13, 15, and 33-34; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; (iv) is vague and ambiguous as to the meaning of "contracts and/or agreements," as those terms are not defined; and (v) is overly broad and unduly burdensome because it seeks "all contracts and/or agreements" that Defendant might have had with BDA during the many years that the parties shared a banking relationship, including contracts regarding such relationship that are not relevant to the Action and "agreements" regarding irrelevant and immaterial subjects such as, for example, the timing of conference calls.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce contracts or agreements between Defendant and BDA regarding the relevant agreed-upon security procedure for BDA's account and the wire transfers at issue in the Action which are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date

of the close of discovery.  Defendant reserves the right to amend this response and the timeframe

for its production in response to this Request.

**Request for Production No. 7**:  All documents that WFB relied upon to determine the expected
activity in the Correspondent Account.

**Response to Request for Production No. 7**:  Defendant objects to this Request because it (i) is

duplication of Request Nos. 2-6, 10, 13, 15, and 33; (ii) seeks documents protected by the attorney-

client privilege; (iii) is vague and ambiguous as to the meaning of "expected activity," as that term

is not defined; and (iv) seeks documents that are equally available to or in the possession, custody,

or control of Plaintiff.

Subject to and without waiving the forgoing specific or general objections, Defendant

states that it will produce non-privileged documents regarding the relevant agreed-upon security

procedure for BDA's account and the wire transfers at issue in this Action that are responsive to

this Request and are located after a reasonable search of potentially responsive materials

undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin

producing materials responsive to this Request within 60 to 90 days after (i) the service of these

responses and objections; (ii) the filing of a suitable protective order governing the disclosure of

materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol

governing the production of documents by the parties to the Action; and (iv) the parties' conference

pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-

ordered date of the close of discovery.  Defendant reserves the right to amend this response and

the timeframe for its production in response to this Request.

**Request for Production No. 8**:  Your policies and procedures concerning the prevention and
detection of fraud activity in any correspondent account you maintain for any foreign financial
institution.

**Response to Request for Production No. 8**:  Defendant objects to this Request because it (i) is

duplicative of Request No. 9; (ii) seeks documents protected by the attorney-client privilege; (iii) is

vague and ambiguous as to the meaning of "foreign financial institution," as that term is not

defined; and (iv) seeks documents that are irrelevant to Plaintiff's remaining claim against

Defendant, pursuant to the Memorandum Opinion.

**Request for Production No. 9**:  All documents that identify the software you use for the
prevention and detection of fraud activity in any correspondent account you maintain for any
foreign financial institution.

**Response to Request for Production No. 9**:  Defendant objects to this Request because it (i) is

duplicative of Request No. 8; (ii) seeks documents protected by the attorney-client privilege; (iii) is

vague and ambiguous as to the meaning of "foreign financial institution," as that term is not

defined; and (iv) seeks documents that are irrelevant to Plaintiff's remaining claim against

Defendant, pursuant to the Memorandum Opinion.

**Request for Production No. 10**:  All documents that describe the security procedure(s) that
WFB uses and/or will use to verify that a correspondent financial institution is the originator of a
payment order via SWIFT, or is the sender of other communications requesting an amendment,
cancellation or other action regarding a payment order via SWIFT.

**Response to Request for Production No. 10**:  Defendant objects to this Request because it (i) is

duplicative of Request Nos. 1-7, 13-15, 28-29, and 33; (ii) seeks documents protected by the

attorney-client privilege; (iii) seeks documents that are equally available to or in the possession,

custody, or control of Plaintiff; (iv) is overly broad and unduly burdensome because it seeks

documents concerning Defendant's relationship with all of the institutions with which it shares a

correspondent banking relationship, the amount and volume of which is not proportional to the

needs of Plaintiff and Defendant in the Action; and (v) seeks documents and information that

Defendant is under an obligation to a third party not to disclose, including the production of

documents and/or information that would require a breach of contract or other duty to maintain

13

confidentiality, as it requests documents regarding Defendant's relationship with all of the foreign

institutions with which it shares a correspondent banking relationship and who are not parties to

the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant

states that it will produce non-privileged documents regarding the relevant agreed-upon security

procedure for BDA's account and the wire transfers at issue in this Action which are located after

a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon

Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this

Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing

of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an

agreement with Plaintiff regarding the Search Protocol governing the production of documents by

the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant

intends to complete its production on or before the Court-ordered date of the close of discovery.

Defendant reserves the right to amend this response and the timeframe for its production in

response to this Request.

**Request for Production No. 11:**  All documents that evidence any alerts for fraudulent,
suspicious, anomalous, and/or abnormal activity in the Correspondent Account. You shall **not**
interpret this request to include any Suspicious Activity Reports (SAR's) or Cash Transaction
Reports (CTR's) generated and sent to any governmental authority.

**Response to Request for Production No. 11:**  Defendant objects to this Request because it

(i) seeks documents protected by the attorney-client privilege and/or the attorney work product

doctrine; (ii) seeks documents that would show whether a SAR was considered, prepared, or filed,

reports and documents that are part of Defendant's process for complying with its federal reporting

obligations, information contained in any SAR that may have been filed, or documents relating to

the investigation or drafting of a possible SAR; (iii) is duplicative of Request Nos. 2-5, 12, 16-27,

14

and 32-33; (iv) is vague and ambiguous as to the meaning of "suspicious," "anomalous," and "abnormal," as those terms are not defined; and (v) seeks documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Memorandum Opinion.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents responsive to this Request regarding the wire transfers at issue in this Action that are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 12:**  Any communications between you and BDA concerning any fraudulent, suspicious, anomalous, and/or abnormal activity in the Correspondent Account.

**Response to Request for Production No. 12:** Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-5, 11, 16-27, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) is vague and ambiguous as to the meaning of "suspicious," "anomalous," and "abnormal," as those terms are not defined; and (iv) seeks documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Memorandum Opinion.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents responsive to this Request regarding the wire transfers at

15

issue in this Action that are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 13**:  All documents that establish and/or evidence the purpose, ordinary or expected activity, volume and/or nature of transactions in the Correspondent Account.

**Response to Request for Production No. 13**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-7, 10, 15, and 33; (ii) seeks documents protected by the attorney-client privilege; (iii) is vague and ambiguous as to the meaning of "ordinary or expected activity," as that term is not defined; and (iv) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents regarding the relevant agreed-upon security procedure for BDA's account and the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol

16

governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 14:** All documents concerning the procedure and software used by WFB in order to authenticate SWIFT payment orders originating from any foreign financial institution.

**Response to Request for Production No. 14:** Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine; (ii) is duplicative Request Nos. 10, 28-29, and 33; (iii) is vague and ambiguous as to the meaning of "foreign financial institution," as that term is not defined; (iv) is overly broad and unduly burdensome because it seeks documents concerning Defendant's relationship with all of the foreign institutions with which it shares a banking relationship, the amount and volume of which is not proportional to the needs of Plaintiff and Defendant in the Action; and (v) seeks documents and information that Defendant is under an obligation to a third party not to disclose, including the production of documents and/or information that would require a breach of contract or other duty to maintain confidentiality, as it requests documents regarding Defendant's relationship with all of the foreign institutions with which it shares a correspondent banking relationship and who are not parties to the Action.

**Request for Production No. 15:** All account opening documents concerning the Correspondent Account.

**Response to Request for Production No. 15:** Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege; (ii) is duplicative of Request Nos. 2-7, 10, 13, and 33; (iii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iv) is vague and ambiguous as to the meaning of "account opening

document," as that term is not defined; and (v) seeks documents irrelevant to the claims and defenses at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents regarding the relevant agreed-upon security procedure for BDA's account that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 16**: All SWIFT payment orders concerning the Correspondent Account.

**Response to Request for Production No. 16**: Defendant objects to this Request because it (i) is duplicative Request Nos. 2-4, 12, 17-27, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; (iii) seeks documents irrelevant to the claims and defenses at issue in this Action; and (iv) is overly broad and unduly burdensome because it seeks "all SWIFT payment orders" that Defendant received from BDA over the course of their many year relationship, including payment orders that have no relevance to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce the SWIFT payment orders for the wire transfers at issue in this Action

18

that are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 17:**  All SWIFT payment orders concerning the Unauthorized Transfers.

**Response to Request for Production No. 17:**  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 12, 16, 18-27, and 32-33; and (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce the SWIFT payment orders for the wire transfers at issue in this Action that are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date

of the close of discovery.  Defendant reserves the right to amend this response and the timeframe

for its production in response to this Request.

**Request for Production No. 18**:  All documents evidencing wire transfers concerning the
Unauthorized Transfers and/or their proceeds, in whole or in part.

**Response to Request for Production No. 18**:  Defendant objects to this Request because it

(i) seeks documents protected by the attorney-client privilege and/or the attorney work product

doctrine; (ii) is duplicative of Request Nos. 2-5, 11-12, 16-17, 19-27, and 32-33; and (iii) seeks

documents that are equally available to or in the possession, custody, or control of Plaintiff.

Subject to and without waiving the forgoing specific or general objections, Defendant

states that it will produce non-privileged documents regarding the wire transfers at issue in this

Action that are responsive to this Request and are located after a reasonable search of potentially

responsive materials undertaken pursuant to the agreed-upon Search Protocol.   Defendant

anticipates that it will begin producing materials responsive to this Request within 60 to 90 days

after (i) the service of these responses and objections; (ii) the filing of a suitable protective order

governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff

regarding the Search Protocol governing the production of documents by the parties to the Action;

and (iv) the parties' conference pursuant to FRCP 26(f).   Defendant intends to complete its

production on or before the Court-ordered date of the close of discovery.  Defendant reserves the

right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 19**:  All SWIFT payment orders received by WFB from BDA
concerning Marina Breeze, S.A.

**Response to Request for Production No. 19**:  Defendant objects to this Request because it (i) is

duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally

available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and

unduly burdensome in that it seeks all SWIFT payment orders that might have been received by

Defendant from BDA concerning Marina Breeze, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 20:**  All SWIFT payment orders received by WFB from BDA concerning Femar, S.A.

**Response to Request for Production No. 20:**  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Femar, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive

materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 21**:  All SWIFT payment orders received by WFB from BDA concerning Constrindec, S.A.

**Response to Request for Production No. 21**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Constrindec, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the

parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 22**:  All SWIFT payment orders received by WFB from BDA concerning Econotrans Ecuador, S.A.

**Response to Request for Production No. 22**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Econotrans Ecuador, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 23**:  All SWIFT payment orders received by WFB from BDA concerning Audiovision Electronica (or "Audiolec").

23

**Response to Request for Production No. 23**: Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Audiovision Electronica over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 24**: All SWIFT payment orders received by WFB from BDA concerning Cosmica CIA, Ltda.

**Response to Request for Production No. 24**: Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by

Defendant from BDA concerning Cosmica CIA, Ltda. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol. Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f). Defendant intends to complete its production on or before the Court-ordered date of the close of discovery. Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 25:** All SWIFT payment orders received by WFB from BDA concerning Indusur Industrial del Sur, S.A.

**Response to Request for Production No. 25:** Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Indusur Industrial del Sur, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive

materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it

will begin producing materials responsive to this Request within 60 to 90 days after (i) the service

of these responses and objections; (ii) the filing of a suitable protective order governing the

disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the

Search Protocol governing the production of documents by the parties to the Action; and (iv) the

parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or

before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend

this response and the timeframe for its production in response to this Request.

**Request for Production No. 26:**  All SWIFT payment orders received by WFB from BDA
concerning Raslogec, S.A.

**Response to Request for Production No. 26:**  Defendant objects to this Request because it (i) is

duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally

available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and

unduly burdensome in that it seeks all SWIFT payment orders that might have been received by

Defendant from BDA concerning Raslogec, S.A. over the course of the parties' many year

relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant

states that it will produce documents regarding the wire transfers at issue in this Action that are

responsive to this Request and are located after a reasonable search of potentially responsive

materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it

will begin producing materials responsive to this Request within 60 to 90 days after (i) the service

of these responses and objections; (ii) the filing of a suitable protective order governing the

disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the

Search Protocol governing the production of documents by the parties to the Action; and (iv) the

parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 27:**  All SWIFT payment orders received by WFB from BDA concerning Comercializadora Autoline, S.A.

**Response to Request for Production No. 27:**  Defendant objects to this Request because it (i) is duplicative of Request Nos. 2-4, 11-12, 16-18, and 32-33; (ii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iii) is overly broad and unduly burdensome in that it seeks all SWIFT payment orders that might have been received by Defendant from BDA concerning Comercializadora Autoline, S.A. over the course of the parties' many year relationship without any limitation to the wire transfers at issue in this Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 28:**  All contracts and/or agreements with foreign financial institutions which describe the security procedure that WFB uses and/or will use to verify that the relevant correspondent financial institution is the originator of a payment order transmitted via SWIFT.

**Response to Request for Production No. 28**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 6, 10, 14, and 29; (ii) is vague and ambiguous as to the meaning of "foreign financial institution," as that term is not defined; (iii) is overly broad and unduly burdensome because it seeks documents concerning Defendant's relationship with all of the foreign institutions with which it shares a correspondent banking relationship, the amount and volume of which is not proportional to the needs of Plaintiff and Defendant in the Action; and (iv) seeks documents and information that Defendant is under an obligation to a third party not to disclose, including the production of documents and/or information that would require a breach of contract or other duty to maintain confidentiality, as it requests documents regarding Defendant's relationship with all of the foreign institutions with which it shares a correspondent banking relationship and who are not parties to the Action.

**Request for Production No. 29**:  All contracts and/or agreements with foreign financial institutions which describe the security procedure that WFB uses and/or will use to verify that the relevant correspondent financial institution is the sender of other communications requesting an amendment, cancellation or other action regarding a payment order transmitted via SWIFT.

**Response to Request for Production No. 29**:  Defendant objects to this Request because it (i) is duplicative of Request Nos. 6, 10, 14, and 28; (ii) is vague and ambiguous as to the meaning of "foreign financial institution," as that term is not defined; (iii) is overly broad and unduly burdensome because it seeks documents concerning Defendant's relationship with all of the foreign institutions with which it shares a correspondent banking relationship, the amount and volume of which is not proportional to the needs of Plaintiff and Defendant in the Action; and (iv) seeks documents and information that Defendant is under an obligation to a third party not to disclose, including the production of documents and/or information that would require a breach of contract or other duty to maintain confidentiality, as it requests documents regarding Defendant's

relationship with all of the foreign institutions with which it shares a correspondent banking relationship and who are not parties to the Action.

**Request for Production No. 30**:  All documents concerning the Laws of the US and the State of New York that govern the Agreement and which are all incorporated by reference and made a part of the Agreement, as provided in section 7.7 of the Agreement.

**Response to Request for Production No. 30**:  Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege and (ii) seeks documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Memorandum Opinion.

**Request for Production No. 31**:  All documents concerning funds transfer system rules, publications and organizations, including BAFT-IFSA, the Clearing House Association LLC, the International Chamber of Commerce, and general US commercial bank practices that govern and are applicable, pursuant to section 7.7 of the Agreement, to the Correspondent Account.

**Response to Request for Production No. 31**:  Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege and (ii) seeks documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Memorandum Opinion.

**Request for Production No. 32**:  All documents, including account opening documents and account statements, concerning the persons who received funds traceable, in whole or in part, to the Unauthorized Transfers you debited from the Correspondent Account.

**Response to Request for Production No. 32**:  Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine; (ii) is duplicative of Request Nos. 2-5, 11-12, 16-27, and 33; (iii) seeks documents relating to confidential and/or proprietary business information, including non-public consumer personal information; (iv) is vague and ambiguous as to the meaning of "account opening documents," as that term is not defined; (v) is overly broad and unduly burdensome because it seeks all documents concerning the accounts of persons who received funds traceable to the wire transfers at issue in this Action without regard for the relevance of such documents to those wire transfers, including for example routine correspondence with Defendant concerning issues such as

29

account maintenance that are irrelevant to the Action; and (vi) seeks documents and information that the Defendant is under an obligation to a third party not to disclose, including the production of documents and/or information that would require a breach of contract or other duty to maintain confidentiality, as it requests documents regarding Defendant's relationship with accountholders who are not parties to the Action.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents regarding the wire transfers at issue in this Action that are responsive to this Request and are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.   Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).   Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.   Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 33**:  All documents concerning the allegations made in the Complaint, in your affirmative defenses, and in your Counterclaim.

**Response to Request for Production No. 33**:  Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege and/or the attorney work product doctrine; (ii) is duplicative of Request Nos. 1-7, 10-13, 15-27, and 32; (iii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iv) seeks documents that are irrelevant to Plaintiff's remaining claim against Defendant, pursuant to the Memorandum Opinion.

Subject to and without waiving the forgoing specific or general objections, Defendant states that it will produce non-privileged documents regarding the relevant agreed-upon security procedure for BDA's account, the wire transfers at issue in this Action, and Defendant's counterclaim that are located after a reasonable search of potentially responsive materials undertaken pursuant to the agreed-upon Search Protocol.  Defendant anticipates that it will begin producing materials responsive to this Request within 60 to 90 days after (i) the service of these responses and objections; (ii) the filing of a suitable protective order governing the disclosure of materials produced in the Action; (iii) an agreement with Plaintiff regarding the Search Protocol governing the production of documents by the parties to the Action; and (iv) the parties' conference pursuant to FRCP 26(f).  Defendant intends to complete its production on or before the Court-ordered date of the close of discovery.  Defendant reserves the right to amend this response and the timeframe for its production in response to this Request.

**Request for Production No. 34**:  All documents concerning the closure of the Correspondent Account.

**Response to Request for Production No. 34**:  Defendant objects to this Request because it (i) seeks documents protected by the attorney-client privilege; (ii) seeks documents relating to confidential and/or proprietary business information; (iii) seeks documents that are equally available to or in the possession, custody, or control of Plaintiff; and (iv) seeks documents irrelevant to the claims and defenses at issue in this Action.

[*signature to follow*]

31

Dated: December 21, 2016
      New York, New York

By: _____
      Jeffrey U. Chapman
      Aaron F. Jaroff
      McGuireWoods LLP
      1345 Avenue of the Americas, 7th Floor
      New York, New York 10105
      (212) 548-2100
      *jchapman@mcguirewoods.com*
      *ajaroff@mcguirewoods.com*

      *Counsel for Defendant Wells Fargo Bank, N.A.*

32

## CERTIFICATE OF SERVICE

I, Aaron F. Jaroff, hereby certify that on this 21st day of December, 2016, the foregoing Responses and Objections of Defendant Wells Fargo Bank, N.A. to Plaintiff Banco del Austro, S.A.'s First Request for Production of Documents were served via electronic mail on the party listed below:

John G. Marfoe
Carlos Núñez-Vivas
Daniel Foodman
WNF LAW, P.L. – WASERSTEIN NÚÑEZ & FOODMAN
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
*can@wnflaw.com*
*df@wnflaw.com*
*jgm@wnflaw.com*

*Counsel for Plaintiff*

33