# EXHIBIT "4"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Banco Del Austro, S.A.,

    Plaintiff,                              Case No. 1:16-cv-00628 (LAK)

v.

Wells Fargo Bank, N.A.,

    Defendant.

------------------------------------------x

**PLAINTIFF BANCO DEL AUSTRO, S.A.'S RESPONSES
AND OBJECTIONS TO DEFENDANT WELLS FARGO BANK,
N.A.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Southern District of New York, Plaintiff Banco Del Austro, S.A. ("Plaintiff" or "BDA"), submits its responses and objections to Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") First Request for Production of Documents, served on February 20, 2017, and due on or before April 3, 2017 by stipulation of the parties in the above-captioned action, as follows:

**GENERAL OBJECTIONS AND RESPONSES**

In addition to the specific objections to the document requests (the "Requests") set forth below, BDA asserts the following general objections to the Requests:

1.     BDA objects to the Requests because they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or any other applicable laws or orders of the Court.

2.     By submitting these responses, BDA objects to Wells Fargo's purported instructions to the extent they purport to impose upon BDA any obligations broader than, or

proceedings. It is the responsibility of Wells Fargo to draft narrowly focused requests for production.

**REQUEST FOR PRODUCTION NO. 19:** All documents and communications related to the damages that You allege You have sustained in connection with Your Remaining Claim.

**Response to Request for Production No. 19:** BDA will produce non-privileged documents sufficient to show the damages at a time mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications sufficient to show any efforts made by You to mitigate any damages that You allege You have sustained in connection with Your Remaining Claim.

**Response to Request for Production No. 20:** BDA objects on the grounds that the information sought in this request is privileged, overbroad and irrelevant: (a) the request seeks information protected by attorney-client privilege and attorney work product doctrine; and (b) it is vague and overbroad as to what is being requested. Indeed, the request fails to seek specific categories of documents related to the Hong Kong and New York proceedings, which are obviously actions taken to mitigate. In addition, it seeks information that is confidential with respect to third parties. It is the responsibility of Wells Fargo to draft narrowly focused requests for production. In addition, the request is irrelevant as to the issues concerning the commercial unreasonableness of any security procedure and the bad faith actions of Wells Fargo.

**REQUEST FOR PRODUCTION NO. 21:** All documents and communications related to or sufficient to show any insurance policies that You currently hold or previously held related to the damages that You allege to have sustained in connection with Your Remaining Claim or to the events at issue in the Action and/or the Hong Kong Proceeding.

**Response to Request for Production No. 21:** BDA objects on the ground that this request is vague, ambiguous and overly broad as to what is being requested. Insurance policies are obtained to hedge against the risk of loss as a result of events that may take place. There was no insurance taken out to hedge against the risk of loss in this action or in the Hong Kong Action. BDA also objects on the ground that the information sought in this request is irrelevant to any issue remaining in this action because the issues focus on the commercial unreasonableness of any security procedure and the bad faith actions of Wells Fargo.

**REQUEST FOR PRODUCTION NO. 22:** All documents and communications related to or sufficient to show Your recovery of the funds described in paragraph 33 of the Complaint.

**Response to Request for Production No. 22:** BDA will produce non-privileged documents sufficient to show BDA's recovery described in paragraph 33 of the Complaint at a time mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 23:** All agreements and/or terms and conditions related to or governing Your correspondent account referenced in paragraph 33 of the Complaint, including but not limited to those related to SWIFT, the sending of wire transfer and/or payment instructions, and any security procedure for the account.

**Response to Request for Production No. 23:** BDA will produce non-privileged documents sufficient to show the agreement governing the correspondent account referenced in paragraph 33 of the Complaint at a time mutually agreeable to the parties.

**REQUEST FOR PRODUCTION NO. 24:** All agreements and/or terms and conditions related to or governing Your current or former correspondent bank accounts, including but not limited to those that You use or have used to process transactions in the United States of America, and

Respectfully submitted,

WNF LAW, P.L.
*Attorneys for Banco Del Austro, S.A.*
1111 Brickell Avenue, Suite 2200
Miami, Florida 33131
Phone: (305) 760-8500
Fax: (305) 760-8510

By:  /s/ John Marfoe_____
Carlos Nunez-Vivas
Florida Bar No. 128181
can@wnflaw.com
Daniel Foodman
Florida Bar No. 337160
df@wnflaw.com
John G. Marfoe
Florida Bar No. 101535
jgm@wnflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2017, this document was served via email upon the following:

Jeffrey J. Chapman (jchapman@mcguirewoods.com)
Aaron F. Jaroff (ajaroff@mcguirewoods.com)
McGuireWoods, L.L.P.
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
*Attorneys for Defendant Wells Fargo Bank, N.A.*

  \_John Marfoe\_\_\_
  John G. Marfoe